# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **LARRY G. JONES, JR.,** | ) | |
| Plaintiff, | ) ) | Case No. 7:15CV00518 |
| v. | ) ) ) | **OPINION** |
| **BLUE RIDGE JAIL AUTHORITY,** | ) ) | By: James P. Jones United States District Judge |
| Defendant. | ) | |

*Larry G. Jones, Jr., Pro Se Plaintiff.*

Larry G. Jones, Jr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the Blue Ridge Jail Authority's prisoner classification policy discriminates against him. Upon review of Jones's complaint, I conclude that the action must be summarily dismissed as frivolous.

Jones's allegations are sparse. He complains, generally, that the jail places certain inmates in permanent maximum security status, even if these inmates have no history of institutional infractions. Maximum security inmates may not participate in employment, educational, and theraputic programs available to inmates in other prisoner categories at the jail. Jones raised similar contentions in a grievance to jail officials, a copy of which he submitted to the court; an officer responded: "I have reviewed your file, and see that you have 12 points in the first

3 sections. If a person [h]as 7 points in the first 3 sections, [he is] automatically a max inmate. You are classified appropriately. . . ." (V.S. 4, ECF No. 2.)

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Under this statute, the court may summarily dismiss as frivolous "a claim based on an indisputably meritless legal theory" or one "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (interpreting the term "frivolous" as similarly used in the former 28 U.S.C. § 1915(d)).

The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It "does not take from the States all power of classification, but keeps governmental decision makers from treating differently persons who are in all relevant respects alike." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir.2002) (citation and internal quotation marks omitted). To prove an equal protection violation, prisoner litigants must demonstrate that the jail's alleged unequal treatment of similarly situated individuals does not "serve[ ] a legitimate state interest" or is not "rationally related" to any such interest. *Moss v. Clark*, 886 F.2d 686, 690 (4th Cir. 1989) (citation omitted).

Jones's allegations fail to state a factual basis for either element of his equal protection claim. First, his own submissions indicate that with 12 points against him under the jail's classification system, he is *not* similarly situated to inmates in less secure statuses, who have less than the 7 points required for maximum security status. Second, Jones fails to state facts showing that the jail's classification structure, and the differing privileges available to the different inmate categories, is not reasonably related to furthering legitimate penological interests of rehabilitation, as well as safety of inmates and staff.

Because I am satisfied that Jones has presented no factual basis for an equal protection claim, I will summarily dismiss this action under § 1915A(b)(1) as frivolous.

A separate Order will be entered herewith.

DATED: November 4, 2015

/s/ James P. Jones
United States District Judge